**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

STEPHANIE JENSEN,

Plaintiff,

v.

ROBERT MCKENNON, *et. al.*,

Defendants.

Case No. 3:21-CV-00483-RCJ-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE[1]**

Before the Court is Plaintiff Stephanie Jensen's ("Jensen"), application to proceed *in forma pauperis* (ECF No. 1), and her *pro se* civil rights complaint (ECF No. 1-1).[2] For the reasons stated below, the Court recommends that Jensen's *in forma pauperis* application, (ECF No. 1), be granted, and her complaint, (ECF No. 1-1), be dismissed, without prejudice.

**I.    *IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

Pursuant to LSR 1-1: "Any person who is unable to prepay the fees in a civil case

---

[1]    This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2]    ECF No. 3 is titled "Complaint," however, a review of that document shows what appears to be additional pages intended to accompany the Complaint filed at ECF No. 1-1. (*See* ECF No. 3-3.) Accordingly, the Court finds the operative complaint to be ECF No. 1-1 and will proceed with screening.

1  may apply to the court for authority to proceed [IFP]. The application must be made on

2  the form provided by the court and must include a financial affidavit disclosing the

3  applicant's income, assets, expenses, and liabilities."

4        "[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with

5  some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th

6  Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely

7  destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*,

8  335 U.S. 331, 339 (1948).

9        A review of the application to proceed IFP reveals Jensen cannot pay the filing fee;

10  therefore, the Court recommends that the application, (ECF No. 1), be granted.

11  **II.      SCREENING STANDARD**

12        Prior to ordering service on any Defendant, the Court is required to screen an *in*

13  *forma pauperis* complaint to determine whether dismissal is appropriate under certain

14  circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28

15  U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint

16  for the enumerated reasons). Such screening is required before a litigation proceeding

17  *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507

18  (9th Cir. 2015).

19        "[T]he court shall dismiss the case at any time if the court determines that – (A)

20  the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or

21  malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks

22  monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

23  1915(e)(2)(A), (B)(i)-(iii).

24        Dismissal of a complaint for failure to state a claim upon which relief may be

25  granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. §

26  1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint

27  under this statute, the court applies the same standard as is applied under Rule 12(b)(6).

28  *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for

1    determining whether a plaintiff has failed to state a claim upon which relief can be granted

2    under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6)

3    standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling

4    on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir.

5    2000) (citation omitted).

6         The Court must accept as true the allegations, construe the pleadings in the light

7    most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v.*

8    *McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints

9    are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes*

10   *v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

11        A complaint must contain more than a "formulaic recitation of the elements of a

12   cause of actions," it must contain factual allegations sufficient to "raise a right to relief

13   above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

14   "The pleading must contain something more. . . than. . . a statement of facts that merely

15   creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation

16   marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to

17   relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662,

18   678 (2009).

19        A dismissal should not be without leave to amend unless it is clear from the face

20   of the complaint the action is frivolous and could not be amended to state a federal claim,

21   or the district court lacks subject matter jurisdiction over the action. *See Cato v. United*

22   *States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th

23   Cir. 1990).

24   **III.    SCREENING OF COMPLAINT**

25        In her complaint, Jensen sues Defendants Robert McKennon, Joseph McMillen,

26   and McKennon Law Group pursuant to 28 U.S.C. § 1332. (*See* ECF No. 1-1.) Jensen's

27   lawsuit appears to stem from an underlying action in the United States District Court

28   Northern District of California, *Stephanie Jensen v. Dearborn National Life Insurance*,

1  Case# 5:17-CV-07320-EJD, for which it appears Defendants acted as counsel on behalf

2  of Jensen. (*Id.*) Jensen alleges various claims related to that representation including

3  malpractice, breach of contract, breach of the covenant of good faith and fair dealing,

4  breach of fiduciary duty, fraud on the court, willful omission of evidence, obstruction of

5  justice, fraudulent inducement, and consumer fraud. (*Id.* at 4, 6.) Jensen seeks

6  monetary, injunctive, and declaratory relief. (*Id.* at 6-8.)

7  According to the complaint, Defendants are all residents of, and/or are doing

8  business in, Newport Beach, California. (*Id.* at 1.) Thus, there is no indication that any of

9  the individual defendants reside in the District of Nevada. Further, the factual allegations

10  reveal that the actions in question occurred in California—specifically action taken with

11  respect to a California case/court proceeding. The only tie to this District is that Jensen

12  currently resides in Reno, Nevada. (*Id.*)

13  However, a civil action must be brought in (1) <u>a judicial district in which any</u>

14  <u>defendant resides, if all defendants reside in the same state where the district is located</u>,

15  (2) a judicial district in which a substantial part of the events or omissions giving rise to

16  the claim occurred, or a substantial part of property that is the subject of the action is

17  situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction

18  at the time the action is commenced, if there is no district in which the action may

19  otherwise be brought.  28 U.S.C. § 1391(b) (emphasis added).

20  In sum, Jensen has not alleged that any defendant resides in the District of

21  Nevada, that a substantial part of the events giving rise to the action transpired here and

22  she has not otherwise alleged any connection to this District. Therefore, it appears the

23  Court lacks personal jurisdiction over the defendants and venue is improper here. Thus,

24  the action should be dismissed, without prejudice, only to the extent Jensen may file a

25  complaint stating plausible claims for relief in the correct court.

26  **IV.    CONCLUSION**

27  Consistent with the above, the Court finds that dismissal is warranted based on a

28  lack of personal jurisdiction and improper venue.

4

The parties are advised:

1.      Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.      This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.      RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Jensen's application to proceed *in forma pauperis*, (ECF No. 1), be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the complaint, (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that the complaint, (ECF No. 1-1), be **DISMISSED, WITHOUT PREJUDICE,** to the extent Jensen can assert plausible claims for relief in the correct court; and,

**IT IS FURTHER RECOMMENDED** that this action be **CLOSED** and that judgment be entered accordingly.

**DATED**: January 13, 2022          .

_____
**UNITED STATES MAGISTRATE JUDGE**